## T. J. STUART v. C. L. BROOME.

SUPREME COURT, AUSTIN TERM, 1883.

*Material Men—Lien.*—See opinion for an account held as full and accurate as the statute requires.

*Same—Clerk's Certificate.*—The certificate of the clerk who recorded the account and accompanying affidavit and certificate of authentication is *prima facie* evidence that the facts stated in it are true.

*Same—Description.*—A description in part insufficient can be rendered certain by other descriptive references.

*Same—Lien exists on both house and lot.*—The statute gives the lien upon a house constructed with material furnished and also upon the lot which it is constructed; and when the house is destroyed by fire or otherwise the lien still exists upon the lot.

Error from Falls County.

*L. C. Alexander*, for plaintiff in error.

*J. W. Wharton* and *Martin & Dickinson*, for defendant in error.

Opinion by Stayton, J.

There are many assignments of error in this case, but only such as have been considered in brief of counsel will be noticed.

It is claimed that the account which was sworn to and filed and recorded, was not sufficiently full, in that it did not give the particular dates when each parcel of material was delivered. The account was as follows:

"T. J. STUART, in acc't C. L. BROOME.          Dr.

To 365 M brick delivered from April 1st to Sept. 30th,
    1879, $6.00 per M,  -  -  -  -  -  - $2,190.00
To 365 loads of sand within same time from Apr. 1 to
    Sep. 30th, 1879, at 25 cents per load,   -  - 91.25

                                   2,281.25"

And we are of the opinion that it was as full and accurate, as the statute requires, to give notice to the owner of the property and to all other persons of the extent and character of the claim for which the lien is sought.

The items constituting the account are given with certainty, and the failure to give dates of delivery of each part of the whole does not render it uncertain as to the thing delivered. It is claimed that the account, with the accompanying affidavit, certificate of the officer that it was sworn to, and of the officer as to date of filing and re-

cord of the account and affidavit, should have been excluded, in the absence of proof that it was signed, sworn to, and delivered and recorded, made otherwise than by such facts as appeared upon the papers themselves, and the proof shown in the bill of exceptions.

The affidavit which followed the account purported to be signed by the appellee, and it bore the certificate of the officer before whom the affidavit was made, that it was subscribed and sworn to on the 31st day of January, 1880, before him. The certificate of the officer was *prima facie* evidence of the facts which it recited and of which it was intended to be the evidence. The certificate of the clerk who recorded the account and accompanying affidavit and certificate of authentication certifies that it was filed for record in his office on 31st January, 1880, and that it was recorded on 6th day of February, 1880. This certificate is *prima facie* evidence that the facts stated in it are true, otherwise it would be necessary in all cases to prove such facts otherwise than by the certificate of the proper officer, which is required by the law for no other purpose than that it may be evidence of the facts which it recites.

The genuineness of the certificate are in no way attacked, and as the case is presented, were sufficient evidence of the matters to which they relate. The bill of exceptions shows that proof was made that the debt for no part of the material was due until Sept. 30th, 1879, and this in connection with the certificate of the clerk who recorded the account and affidavit thereto, which shows that the same after being sworn to was recorded on the 6th of February, 1880, shows that the lien was fixed within six months after the claim was due. The bill of exceptions also shows that proof was made that a copy of the account and affidavit attached to the petition of appellee was delivered to the appellant, and no question is raised as to whether that was done within six months after the debt became due; but if that objection was made, in the absence of a statement of facts, we could not know that such proof was not made subsequent to the admission of the account and affidavit which had been recorded, to the admission of which the bill of exceptions was taken. Whether or not in order to fix the lien it is necessary to deliver to the debtor a copy of the account and affidavit within six months after the debt becomes due, need not be considered.

The statute declares that "when such contract or account is filed

and recorded, it shall be deemed sufficient diligence to secure the lien herein provided," R. S. 3168.

The description of the property, in the absence of a statement of facts showing that there was no such place as the "southwest corner of a lot owned by John Rimassa" is rendered certain by the other description of the lots, having reference to that corner. The street upon which the lots front is given, as is the front of the lot on that street and also their depths, with the course of the lines, and besides the lots are said to be those on which was situated the house known as Stuart's Opera House. In a suit of tresspass to try title the description would be sufficient.

Descriptions much less certain have been held sufficient. Phillips on Mechanics Lien, 379.

The statute gives the lien upon a house constructed with material furnished and also upon the lot or lots upon which it is constructed, and it would be a novel doctrine, under such a statute as we have, to hold that because a part of the property upon which the lien is given may have been destroyed by fire or otherwise, that therefore the creditor loses all the residue of his security. The statute was enacted for the protection of material men and mechanics, and they are certainly not expected to take the security which the law holds out to them, as insures that the entire property upon which the lien is given shall continue to exist, or otherwise that they shall lose the benefit of that part of their security which may be left, after a part has been destroyed without fault of the lien holder.

There is no error apparent in the record and the judgment is affirmed.